UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VERIZON NEW ENGLAND INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL SOWLE,<br>TRICIA BUZZELL, AND<br>ASHLEY MARA,<br><br>Defendants. | CIVIL ACTION NO. 1:15-cv-10437 |

## COMPLAINT TO COMPEL COMPLIANCE WITH ARBITRATION SUBPOENA

### I.  INTRODUCTION

1. Plaintiff Verizon New England Inc. ("Verizon") brings this action against Defendants Michael Sowle, Tricia Buzzell, and Ashley Mara (collectively, "Defendants") under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 and federal common law, and consistent with the Federal Arbitration Act, 9 U.S.C. § 1 et seq., to enforce subpoenas issued by Arbitrator Harvey Shrage and served upon Defendants.  Plaintiff requests an order compelling Defendants' appearance at and testimony in an ongoing arbitration hearing between Plaintiff and the International Brotherhood of Electrical Workers, T-6 Council ("T-6 Council"), pending before the American Arbitration Association ("AAA").

### II.  THE PARTIES

2. Verizon is a New York corporation with a principal place of business in Boston, Massachusetts.

3. Upon information and belief, Michael Sowle is a citizen of the Commonwealth of Massachusetts, with a primary residence in Woburn, Massachusetts.

4. Upon information and belief, Tricia Buzzell is a citizen and resident of the Commonwealth of Massachusetts, who works at the Dunkin Donuts located at 400 Cambridge Road in Woburn Massachusetts.

5. Upon information and belief, Ashley Mara is a citizen of the Commonwealth of Massachusetts, with a primary residence in Woburn, Massachusetts.

## III.   JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331 pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"), federal common law, and consistent with the Federal Arbitration Act, 9 U.S.C. § 7 ("FAA").

7. Venue is proper in this Court because all of the parties reside within the Commonwealth, in the same geographic area over which this Court presides, and the acts or omissions giving rise to this action occurred in the judicial district over which this Court presides.

## IV.   THE FACTS

8. Verizon is a corporation that is authorized to conduct business in Massachusetts.

9. Verizon provides telecommunications services to customers in Massachusetts.

10. In order to provide such services, Verizon employs individuals, including individuals holding the job title Splice Service Technician ("SST"). SSTs' duties include providing telecommunication services in customers' homes, including installation, repair, and maintenance services.

11. On March 27, 2013, Verizon employed Raymond DeSimone as a SST, working out of a Verizon facility in Woburn, Massachusetts.

12. Mr. DeSimone is a member of the International Brotherhood of Electrical Workers, Local 2222 (the "Union"), a local within the T-6 Council, which represents certain Verizon employees pursuant to a collective bargaining agreement ("CBA").

13. During the course of his work day on March 27, 2013, Mr. DeSimone was allegedly involved in a physical altercation with Mr. Sowle at the Dunkin Donuts located at 400 Cambridge Road in Woburn, Massachusetts.

14. Kelli DeSimone, Mr. DeSimone's estranged wife, was present for at least part of the altercation.

15. The Woburn Police arrived at the scene during the aftermath of the altercation and interviewed witnesses, including Mr. Sowle, Ms. Buzzell, Ms. Mara, and Mr. DeSimone.

16. The Woburn Police Department narrative report states that Mr. Sowle informed police on March 27, 2013 that Mr. DeSimone approached Mr. Sowle outside of the Dunkin Donuts, threw punches at Mr. Sowle, kicked Mr. Sowle in the head multiple times while wearing work boots, and slammed Mr. Sowle's head on the pavement a couple of times. The Woburn Police Department Report is attached as **Exhibit A**.

17. The Woburn Police Department narrative report states that Ms. Buzzell informed police on March 27, 2013 that she observed Mr. DeSimone kick Mr. Sowle while Mr. Sowle was on the ground. *See* **Exhibit A**.

18. The Woburn Police Department narrative report states that Ms. Mara informed police on March 27, 2013 that she observed Mr. DeSimone kick Mr. Sowle in the face, and she also saw Mr. DeSimone spit on Mrs. DeSimone. *See* **Exhibit A**.

19. The Woburn Police arrested Mr. DeSimone for Assault and Battery with a Dangerous Weapon (shod foot) on Mr. Sowle, and Assault and Battery on Mrs. DeSimone. *See* **Exhibit A**.

20. Verizon terminated Mr. DeSimone's employment due to his conduct on March 27, 2013.

21. Defendants were witnesses to the conduct resulting in the termination of Mr. DeSimone's employment from Verizon.

22. The Union grieved Mr. DeSimone's termination under the CBA, arguing in part that Mr. DeSimone was engaging in self-defense during the altercation on March 27, 2013, and Verizon lacked just cause for the resulting termination.

23. The parties selected Arbitrator Harvey M. Shrage from a panel of potential arbitrators to preside over the parties' arbitration, and to determine whether Verizon had just cause to terminate Mr. DeSimone's employment.

24. An arbitration was scheduled for January 14, 2015.

25. To assist in meeting its burden of proof that Mr. DeSimone's termination was for just cause, Verizon requested that Arbitrator Shrage issue subpoenas to Mr. Sowle, Ms. Buzzell, and Ms. Mara, compelling their attendance and testimony at the arbitration.

26. On January 7, 2015, Arbitrator Shrage signed Subpoenas to Mr. Sowle, Ms. Buzzell, and Ms. Mara.

27. On January 8, 2015, Verizon served the Subpoenas on Mr. Sowle, Ms. Buzzell, and Ms. Mara through a Massachusetts Constable. The Subpoenas were accompanied by a witness fee and a cover letter from Verizon's counsel.

28. The Constable who served the Subpoenas executed Returns of Service, affirming that he had served the Subpoenas on Mr. Sowle, Ms. Buzzell, and Ms. Mara. Copies of the Returns of Service, Subpoenas, and cover letters to each Defendant are attached as **Exhibit B**.

29. Mr. Sowle spoke with Verizon's counsel and acknowledged receiving his Subpoena.

30. Ms. Buzzell spoke with Verizon's counsel and acknowledged receiving her Subpoena.

31. Verizon received no word from Ms. Marra regarding receipt of her Subpoena.

32. None of the Defendants moved to quash or strike their Subpoenas.

33. On January 14, 2015, Verizon, the Union, and Mr. DeSimone appeared before Arbitrator Shrage for the scheduled arbitration concerning Mr. DeSimone's termination.

34. Defendants did not comply with their Subpoenas. Specifically, Defendants did not appear and testify at the arbitration on January 14, 2015.

35. Although the arbitration commenced on January 14, 2015 with other witnesses present, Arbitrator Shrage granted Verizon's request to continue the arbitration so that Verizon could initiate this action to compel compliance with the arbitration subpoenas and secure Defendants' attendance and testimony at the arbitration.

36. The arbitration has been continued until April 1, 2015, at 9:00 a.m.

**V.  RELIEF REQUESTED**

37. The FAA states:

> The arbitrators selected . . . may summon in writing any person to attend before them or any of them as a witness . . .; if any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt in the same

manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.

9 U.S.C. § 7.

38.  WHEREFORE, pursuant to the Court's authority under Section 301 of the LMRA, federal common law, and the FAA, Verizon requests that the Court:

   a. Issue an order compelling the attendance and testimony of Mr. Sowle, Ms. Buzzell, and Ms. Mara at the arbitration before Arbitrator Harvey Shrage in American Arbitration Association Action Number 11 300 00074 14 on April 1, 2015, at 9:00 a.m.;

   b. Retain jurisdiction over this matter to address and issue appropriate orders should any Defendant fail or refuse to comply with an order from this Court to comply with the Subpoenas and appear and testify at the underlying arbitration; and

   c. Provide such other and further relief as the Court deems just and appropriate.

>Respectfully Submitted,
>
>VERIZON NEW ENGLAND, INC.,
>
>By Its Attorneys,
>
>*/s/ Arthur Telegen*_____
>Arthur G. Telegen (BBO # 494140)
>Anthony S. Califano (BBO # 661136)
>SEYFARTH SHAW LLP
>World Trade Center East
>2 Seaport Lane, Suite 300
>Boston, MA 02210
>Tel:  (617) 946-4800
>Fax:  (617) 946-4801
>atelegen@seyfarth.com
>acalifano@seyfarth.com

Dated:  February 17, 2015

18885411v.2